# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Artem Rossa,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>USCIS,<br><br>　　　　　　Respondent. | Case No. 2:25-cv-01889-ART-DJA<br><br>**Order** |

Pro se Petitioner Artem Rossa filed an application to proceed *in forma pauperis* (which means to proceed without paying the filing fee). (ECF No. 1). However, Rossa's application is missing certain information. The Court thus denies Rossa's application without prejudice.

**I.   Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271

Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On his application, Rossa leaves question 1—which asks if he is incarcerated—blank. Rossa also leaves the first part of question 2—which asks if he is employed and for his employer's name and address—blank. While it appears that Rossa is neither incarcerated nor employed, Rossa must explain this on his application and cannot simply leave questions blank.

In response to question 6, which asks whether Rossa has any housing, transportation, utility, loan payments, or other regular monthly expenses, Rossa writes "I am provided with meals in exchange for assisting with household duties." But this is not responsive to the question. If Rossa does not have regular monthly expenses, he must explain that in response to question 6. The Court notes, however, that Rossa has included an address on the docket, which address public records reveal is a condominium. Rossa does provide any details on the application regarding how or if he pays rent or a mortgage, how or if he pays utilities or other bills, or how he lives considering his claim to have no money and no bills.

Finally, Rossa does not provide a complete answer to question 8. That question asks him to list any debts or financial obligations and to describe the amounts owed and to whom they are payable. Rossa writes that he owes money to his friend for wireless services and his phone. But Rossa does not describe the amounts owed.

The Court finds that Rossa has omitted information from the application. As a result, the Court cannot determine whether Rossa qualifies for *in forma pauperis* status. The Court will give Rossa one opportunity to file a complete *in forma pauperis* application. The Court further orders that Rossa may not respond with a zero or "not applicable" in response to any question without

providing an explanation for each of the questions. Rossa also may not leave any questions blank. Rossa must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Rossa's *in forma pauperis* application without prejudice. The Court gives Rossa 30 days to file an updated application. Rossa must fully answer all applicable questions and check all applicable boxes. Rossa may alternatively pay the filing fee in full. Since the Court denies Rossa's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Rossa's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **November 7, 2025,** to file an updated application to proceed *in forma pauperis*[1] as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: October 8, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.