UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Artem Rossa,<br><br>                     Plaintiff,<br><br>     v.<br><br>USCIS,<br><br>                     Defendant. | Case No. 2:25-cv-01889-ART-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 4). Plaintiff has submitted a petition for writ of mandamus, which the Court liberally construes as a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete and demonstrates an inability to pay the filing fee, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff has not shown either that the claim is clear and certain or that there is no other adequate remedy other than mandamus, it dismisses his complaint without prejudice and with leave to amend.

**I.     *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 4). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Legal standard for screening.**

As Plaintiff has been granted leave to proceed *in forma pauperis*, this Court will therefore screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### III.     Screening the complaint.

Plaintiff has not initiated this action with a complaint, but with a petition for writ of mandamus. However, under Federal Rule of Civil Procedure 3, a civil action is commenced by filing a complaint with the court. Nonetheless, Plaintiff is proceeding pro se and so, the Court will liberally construe the petition as a complaint.

Plaintiff sues United States Citizenship and Immigration Services ("USCIS") for its failure to timely adjudicate Plaintiff's application for employment authorization. Plaintiff alleges that Plaintiff is an asylum seeker who filed a Form I-589, Application for Asylum with an immigration court on February 18, 2025. Plaintiff alleges that, after waiting the required 150 days, Plaintiff filed Form I-765 Application for Employment Authorization on July 19, 2025. Plaintiff alleges that, on September 16, 2025, USCIS responded to a service request incorrectly stating that Plaintiff's case was within normal processing time. However, as of October 2, 2025, the day before Plaintiff filed the initial application to proceed *in forma pauperis*, and seventy-six days after USCIS received Plaintiff's application, USCIS still had not adjudicated the application. Plaintiff references *Gonzalez Rosario v. United States Citizenship & Immigr. Servs.*, a class action in the Western District of Washington in which the court required USCIS to process initial asylum-based employment authorization applications within thirty days. *See Gonzalez Rosario v. United States Citizenship & Immigr. Servs.*, 365 F.Supp.3d 1156 (W.D. Wash. 2018). Plaintiff

claims that, as a member of the Asylum Seeker Advocacy Project ("ASAP") Plaintiff is protected by the *Rosario* case.[1]

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). Mandamus will only issue when: "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Barron*, 13 F.3d at 1374 (internal quotations and citations omitted).

"Asylum seekers can obtain an employment authorization prior to adjudication of their asylum applications." *Rosario*, 365 F. Supp. 3d at 1158 (citing *see* 8 C.F.R. §§ 208.7(a)(1), 274a.12(c)(8), 274a.13(d), and *Carballo v. Meissner*, No. C00-2145, 2000 WL 1741948, at *2 (N.D. Cal. Nov. 17, 2000)). To do so, an individual must file Form I-765 with the Department of Homeland Security and obtain an Employment Authorization Document ("EAD"), which is evidence that the holder is authorized to work in the United States. *Id.* Generally, an individual must wait 150 days after filing an asylum application to file an initial EAD application. 8 C.F.R. § 208.7(a)(1). Upon receiving the initial EAD application, the regulation states that USCIS:

> shall have 30 days from the date of filing of the request [for] employment authorization to grant or deny that application, except that no employment authorization shall be issued to an asylum applicant prior to the expiration of the 180-day period following the filing of the asylum application filed on or after April 1, 1997.

*Id.* § 208.7(a)(1); *see also* 8 U.S.C. § 1158(d)(2).

In *Rosario*, the Western District of Washington found that the USCIS was in violation of 8 C.F.R. § 208.7(a)(1) and enjoined USCIS from further failing to adhere to the thirty-day

---

[1] The ASAP website describes ASAP as a nonprofit membership organization that "supports members for the long haul as they navigate the U.S. asylum system…" *About ASAP*, ASYLUM SEEKER ADVOCACY PROJECT, https://asaptogether.org/en/about/ (last visited Nov. 4, 2025). It is not clear whether ASAP membership automatically qualifies Plaintiff as a *Rosario* class member. But even if it did, Plaintiff has not shown entitlement to mandamus relief.

deadline for adjudicating EAD applications as set forth in that regulation. *Rosario*, 365 F.Supp.3d at 1158.

The USCIS has indicated the circumstances under which it considers asylum seekers to be members of the *Rosario* class of plaintiffs. *See Rosario Class Action*, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, https://www.uscis.gov/laws-and-policy/other-resources/class-action-settlement-notices-and-agreements/rosario-class-action (last updated Oct. 20, 2025). An asylum seeker is a member of the *Rosario* class if the asylum seeker's initial Form I-765 has not been adjudicated and: (1) the asylum seeker filed their Form I-765 after their Form I-589, Application for Asylum and for Withholding of Removal, has been pending for at least 150 days (excluding any delays caused or requested by the asylum seeker); and (2) USCIS has not adjudicated the Form I-765 within the thirty-day processing time frame, which time frame is generally calculated as thirty days from the date that USCIS received the Form I-765 and the time frame is not otherwise paused. *Id.* If someone is a *Rosario* class member, the USCIS has outlined certain methods of redress. First, the class member may submit an inquiry through the USCIS eRequest Self Service Tool online or call the USCIS Contact Center. *Id.* If the class member does not receive a response to their request or if the USCIS has not taken action on their case, the class member may then email the USCIS Texas Service Center Class Action address and CC class counsel for further assistance. *Id.*

Here, Plaintiff has not shown entitlement to the extraordinary writ of mandamus. Plaintiff has not shown that Plaintiff's claim is clear and certain or that no other adequate remedy is available. This is because, even taking Plaintiff's allegations that the USCIS has not fulfilled its duty to act within thirty days as true, Plaintiff has not shown that Plaintiff has taken all the steps outlined by the USCIS to join the *Rosario* class. Plaintiff attaches an email that appears to show that Plaintiff followed the first step outlined by the USCIS by submitting an inquiry online to the USCIS. However, Plaintiff does not indicate that Plaintiff followed the second step of emailing the USCIS Texas Service Center Class Action address and CC-ing class counsel for further assistance.

1  The Court will therefore dismiss Plaintiff's petition for writ of mandamus—which it liberally construes as Plaintiff's complaint—without prejudice and with leave to amend. If Plaintiff wishes to continue this action, Plaintiff must file an amended complaint. Plaintiff must file this amended complaint within thirty days.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summonses.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **December 4, 2025,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: November 4, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE